THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Jerry Lee Ward, Appellant.
 
 
 

Appeal From Cherokee County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2011-UP-406
 Submitted August 15, 2011  Filed August
29, 2011    

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia;
 and Solicitor Barry J. Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Jerry
 Lee Ward appeals his convictions for attempted armed robbery, kidnapping, and
 assault with intent to kill, arguing the circuit court erred in refusing to
 dismiss the indictments because of the State's failure to preserve potentially
 exculpatory evidence.  We affirm.[1]
An appellate court only
 reviews errors of law in criminal cases and is bound by the circuit court's
 findings of fact unless they are clearly erroneous and unsupported by the
 evidence.  State v. Williams, 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010). 
 In order to establish a due process violation arising from the State's failure
 to preserve evidence, a defendant must "demonstrate (1) that the State
 destroyed the evidence in bad faith, or (2) that the evidence possessed an
 exculpatory value apparent before the evidence was destroyed and the defendant
 cannot obtain other evidence of comparable value by other means."  State
 v. Cheeseboro, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001); see
 also State v. Jackson, 302 S.C. 313, 315, 396 S.E.2d 101, 102 (1990).
We hold the circuit court did
 not err in denying Ward's motion to dismiss.  First, Ward presents no evidence
 or even an argument that the videotape was destroyed in bad faith.  Second, we
 find the videotape did not possess an apparent exculpatory value before it was
 destroyed.  Only the investigating officer reviewed the videotape, and he testified
 that static on the videotape prevented him from identifying the people in the
 frame.  The review neither convinced him that the videotape would help in the
 identification of the assailant nor made him question the victim's
 allegations.  Indeed, the victim testified that the crimes occurred in the convenience
 store's cooleraway from the security cameras' view.  Ward's argument that the
 videotape "clearly could have possessed" an exculpatory value before
 it was destroyed does not "satisfy the standard of constitutional
 materiality."  Arizona v. Youngblood, 488 U.S. 51, 56 n.* (1988) ("The
 possibility that the [evidence] could have exculpated [the defendant] if
 preserved or tested is not enough to satisfy the standard of constitutional
 materiality . . . .").  Moreover, Ward had the ability to cross-examine the
 investigating officer about what he saw on the videotape and whether the actions
 of the people on it were consistent with Ward's account of the facts.  See California v. Trombetta, 467 U.S. 479, 490 (1984) (suggesting
 cross-examination as a method to mitigate the absence of potentially
 exculpatory evidence by "rais[ing] doubts in the mind of the factfinder"). 
 We find Ward's due process rights were not violated.  Accordingly, the decision
 of the circuit court is
AFFIRMED.
FEW, C.J., THOMAS
 and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.